United States District Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAMANTHA MARIE ESPARZA INDVIDUALLY AND AS NEXT FRIEND OF J.P. AND S.P., MINOR CHILDREN | § § § § § | |
| VS. | § § | CIVIL ACTION NO. 5:23-CV-98 |
| ANCELMO CASTILLO CONTRERAS *et al*. | § § § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On November 15, 2023, United States District Judge Marina Garcia Marmolejo ordered counsel for Plaintiffs Samantha Marie Esparza, individually, and as next friend of J.P. and S.P., minor children, to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c). (Dkt. No. 10 at 9-10). On November 30, 2023, Plaintiffs' counsel filed his response to the order. (Dkt. No. 13). For the reasons that follow, the District Court should impose as a sanction the requirement Marco A. Salinas complete three (3) hours of Texas Bar Association certified continuing legal education ("CLE").

### I. BACKGROUND

On July 25, 2023, Plaintiffs brought suit in the 406th District Court, in Webb County, Texas, against three Defendants: Ancelmo Castillo Contreras ("Contreras"), ALSO Express, S.A. de C.V. ("Express"), and ALSO Express Logistics, Inc. ("Logistics"). (*See* Dkt. Nos. 1-2 and 1-3). Marco A. Salinas (Texas Bar No. 00794583) is listed as the attorney of record for Plaintiffs in this proceeding. (Dkt. No. 1-3 at 9).

In their original petition, Plaintiffs allege on September 1, 2021, they were stopped at an intersection and struck from behind by a 2001 Peterbilt tractor truck. (*Id*. at 3). Plaintiffs further allege Defendant Contreras was operating the tractor truck "during the course and scope of his employment with Defendant [Express] and/or Defendant [Logistics]." (*Id*. at 3).

On September 6, 2023, Defendants Contreras and Express filed their notice of removal arguing the Court can exercise diversity jurisdiction over the parties under 28 U.S.C. § 1332(a)(2). (Dkt. No. 1 at 2). Finding their notice defective, on September 13, 2023, United States Magistrate Judge John A. Kazen ordered Contreras and Express submit supplemental briefing clarifying the basis for subject-matter jurisdiction. (Dkt. No. 2). Contreras and Express submitted their amended notice of removal and supplemental briefing on September 22, 2023. (Dkt. Nos. 3 and 4).

On the basis of diversity jurisdiction, Contreras and Express alleged: (1) Plaintiffs are "domiciled in Webb County, Texas"; (2) Contreras is "domiciled in Nuevo Laredo, Tamaulipas, Mexico"; (3) Express is "domiciled in Nuevo Laredo, Tamaulipas, Mexico"; and (4) Logistics is "domiciled in Texas." (Dkt. No. 3 at 2–3).

| Plaintiffs' Domiciles | | Defendants' Domiciles | |
|---|---|---|---|
| **Samantha Marie Esparza** | Texas | **Contreras** | Mexico |
| **J.P.** | Texas | **Express** | Mexico |
| **S.P.** | Texas | **Logistics** | Texas |

(*See id*.). Its citizenship notwithstanding, Contreras and Express alleged Logistics is improperly joined as Plaintiffs have no possibility of recovering against it. (*Id*. at 3).

Attached to the supplemental briefing is a crash report prepared by Texas Peace Officer Ricardo Mora. (Dkt. No. 4-1). The crash report lists Express as the owner of the tractor truck involved in the accident. (*Id*. at 2). According to Contreras and Express, (1) Logistics did not employ the driver, Contreras, at the time of the accident, and (2) Logistics did not own the tractor truck Contreras was driving. (Dkt. No. 4 at 4). As a result, Contreras and Express alleged Plaintiffs are unable to recover any damages from Logistics and therefore are an improper party to Plaintiffs' suit.

After Contreras and Express filed their supplemental briefing, Salinas, on behalf of Plaintiffs, filed a motion to remand. (Dkt. No. 5). Contreras and Express timely responded to the motion and Plaintiffs filed a timely reply. (*See* Dkt. Nos. 6 and 7). Contreras and Express attached two affidavits to their response. (Dkt. Nos. 6-2 and 6-3). The first is an affidavit from Alfredo Casso, the owner of both Express and Logistics. (Dkt. No. 6-2). The second is from Contreras. (Dkt. No. 6-3). Subsequently Logistics, appearing for the first time in this matter, filed an answer and a motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. Nos. 8 and 9).

The District Court denied Plaintiffs' motion to remand and dismissed Logistics from this matter on November 15, 2023. (Dkt. No. 10). In the District Court's order, the district judge reported "Plaintiffs fail to allege any reason why Logistics is properly joined to this case." (*Id*. at 4). Further, "Plaintiffs have made the spurious legal contention that the Court cannot consider the affidavits and crash report and have falsely asserted that the crash report is not certified." (*Id*. at 9).

Finding Salinas advanced legal arguments not warranted by existing law, and factual contentions not supported by the evidence, the district judge ordered Plaintiffs' counsel to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure Rule 11(c). (*Id.* at 9–10). This matter was reassigned to the Undersigned by the district judge on November 15, 2023. (Dkt. No. 11). Salinas filed his response to the show cause order on November 30, 2023. (Dkt. No. 13).

## II. LEGAL STANDARD

The Court may *sua sponte* order an attorney or law firm to show cause why certain specified conduct has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3). Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information.

Fed. R. Civ. P. 11(b). Thus, "[a] signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both . . ." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991). "The essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit. A signature sends a message to the district court that this document is to be taken seriously." *Id.* at 546. The rule's purpose is to bring home to the signer his responsibility to "validate the truth and legal reasonableness of the papers filed." *Id.* at 547 (quoting *Pavelic & LeFlore v. Marvel Entertainment Grp.*, 493 U.S. 120, 126 (1989)).

In determining whether an attorney has satisfied his or her obligations under Rule 11, the standard with which he or she "is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir.) (en banc), *cert denied*, 540 U.S. 1047 (2003) (internal quotation omitted). It is sanctionable conduct for counsel to file pleadings with no legal or factual justification. *See Truck Treads, Inc. v. Armstrong Rubber Co.*, 868 F.2d 1472, 1474 (5th Cir. 1989). Further, "when a reasonable amount of research would have revealed that a party's position is groundless, Rule 11 sanctions are appropriate." *Goldman v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 03-759, 2004 WL 2435500 (E.D. La. Oct. 29, 2004).

If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose sanctions on any attorney or law firm that is responsible for the violation. *See* Fed. R. Civ. P. 11(c)(1).

### III. ANALYSIS

Here, the show cause order addressed legal arguments and factual contentions set forth in Plaintiffs' filings, implicating the provisions of Rule 11(b)(2) and (3).[1] (*See* Dkt. Nos. 5, 7, 10).

**A. Salinas' Legal Arguments**

After the Court issued its show cause order, Salinas filed his response. (Dkt. No. 13). In his response, Salinas states:

> Plaintiff's counsel made a strategic, but probably incorrect, decision to not produce any evidence in his [motion to remand]. Plaintiff's counsel relied on his understanding of the caselaw . . . that extrinsic evidence should not be considered in this removal context. Plaintiff's counsel can accept that he was wrong in his interpretation and application of the caselaw, but there was no attempt to deceive or intentionally misinterpret any legal argument.
>
> [ . . . ]
>
> Plaintiff's counsel made the mistaken strategic decision to rely solely on this proposition. With the benefit of hindsight, Plaintiff's counsel should have responded with his own evidence demonstrating why he believed [Logistics] was a proper party.

(*Id.* at 2–3). The factors relevant to the determination of whether an attorney made a reasonable inquiry into the law include:

> (1) the time available to the attorney to prepare the document; (2) the plausibility of the legal view contained in the document; (3) the *pro se* status of a litigant; and (4) the complexity of the legal and factual issues raised.

*See Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 875–76 (5th Cir. 1988). Sanctions

---

[1] Subsections (1) and (4) are not at issue. Subsection (1) addresses certification that a paper is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. There is no evidence Salinas filed his motion to remand and reply for an improper purpose. (*See* Dkt. Nos. 5 and 7). Subsection (4) addresses denials of factual contentions.

are appropriate under Rule 11(b)(2) when a party advocates a legal contention that is objectively unreasonable. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) ("An attorney's conduct is judged under each standard with an objective, not a subjective, standard of reasonableness."). "[A] trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly where . . . the law is arguably unclear." *Id.* (ellipsis in original) (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993)).

In Plaintiffs' motion to remand, Salinas cites the Fifth Circuit's decision in *Pretka v. Kolter City Plaza II, Inc.* as support for the rule if a suit is not initially removable the "defendant may not create its own evidence (e.g. by affidavit) to show that a suit has become removable." (Dkt. No. 5 at 6; *See also* 608 F.3d 744, 761 (5th Cir. 2010)). In the District Court's order, the district judge explained *Pretka* also states the "rule plainly does not limit the type of evidence a defendant may use to establish that the plaintiff's complaint already is removable." (Dkt. No. 10 at 5; *See also Pretka*, 608 F.3d at 761). Contreras and Express never argued this case became removable after litigation began. Rather, as the district judge pointed out, they argued Plaintiffs never had any possibility of recovery against non-diverse Defendant Logistics. (Dkt. No. 10 at 5–6; *See also* Dkt. Nos. 1 at 4 and 3 at 3–4).

Salinas reasserts this argument in Plaintiffs' reply to Contreras and Express' response to the motion to remand. (Dkt. No. 7 at 3). In the reply, Salinas states "[w]hile it is true that a court may 'pierce the pleadings' and consider evidence outside the pleadings in determining fraudulent joinder claims, the evidence must be part of

the record at the time of removal." (*Id.* at 4). Salinas quotes the Fifth Circuit's decision in *Flagg v. Stryker Corp.* as support, quoting "jurisdictional facts are determined at the time of removal, not by subsequent events." (*Id.* at 4; *See also* 819 F.3d 132, 137 (5th Cir. 2016)). The next sentence of the *Flagg* Court's opinion, however, states "to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's *possibility of recovery* against that defendant at the time of removal." *Flagg*, 819, F.3d at 137 (emphasis added).

In Contreras and Express' amended notice of removal, filed before Plaintiffs' motion to remand, it states:

> Express stipulates that it is the owner of the 2001 Peterbilt [t]ractor [t]ruck involved in the accident at issue in this case. Defendant Express further stipulates that it employed and had control over Defendant Contreras on the date and time of the accident at issue in the lawsuit as stated in Plaintiff's [o]riginal [p]etition. Defendant [Logistics] did not own, lease, or have any control over the 2001 Peterbilt [t]ractor [t]ruck . . . Further, Defendant [Logistics] did not employ, retain as a subcontractor or independent contractor, or have any control over Defendant Contreras on the date of the accident at issue in this case.
>
> [ . . . ]
>
> Therefore, Plaintiff will not recover any damages from [Defendant Logistics] in [s]tate court, and is thus an improper party to this lawsuit.

(Dkt. No. 3 at 3–4). In the District Court's order, the district judge overruled Salinas' objections to whether the crash report and affidavits can be considered. (Dkt. No. 10 at 5–6). The Undersigned adds that, given Contreras and Express' assertions in their amended notice of removal, even without considering the crash report and affidavits Salinas was already on notice Logistics was improperly joined. Further, Salinas failed to produce any controverting evidence. For these reasons, Salinas' argument

presented an implausible legal theory.

Had Salinas undertaken a reasonable inquiry, he would have known that his motion to remand was destined to fail. The claims put forth in his motion, and reply, were not warranted by existing law. This is a violation of Rule 11(b)(2).

### B. Salinas' Factual Contentions

In Plaintiffs' motion to remand, Salinas claims "Defendants [Contreras] and [Express] attach an un-certified copy of a crash report." (Dkt. No. 5 at 7). This statement is "demonstrably false." (Dkt. No. 10 at 4). "The certification is signed by Jim Markham, Director of the Crash Data & Analysis Section of the Traffic Safety Division of the Department of Transportation." (*Id.*) In his response to the district judge's show cause order, Salinas states:

> Plaintiff's counsel argued that the report was not certified when this was obviously not the case. I do not have a good excuse for this statement. I should have been able to see that the exhibit at issue was a certified copy, but I did not see it . . . In my haste to file a [r]eply I did not check like I should have. I deeply regret this inadvertent misrepresentation in the pleading, and I express sincere contrition for any confusion it may have caused.

(Dkt. No. 13 at 1–2). The factors relevant to determining whether an attorney has made a reasonable inquiry into the facts sufficient to satisfy Rule 11 include:

> (1) the time available to the signer for investigation; (2) the extent of the attorney's reliance upon his client for the factual support for the document; (3) the feasibility of pre-filing investigation; (4) whether the signing attorney accepted the case from another member of the bar or forwarding attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim requires discovery.

*See Thomas*, 836 F.2d at 875. The Undersigned finds these factors weigh in favor of

concluding Salinas did not conduct a reasonable inquiry before signing the motion to remand. Salinas, on behalf of Plaintiffs, filed the motion to remand six days after Contreras and Express filed the crash report. (Dkt. Nos. 4-1 and 5). Considering "the first page of Defendants' crash report exhibit is a certification of the crash report as a "true and correct copy of the peace officer's report filed with the [Texas Department of Transportation]," the Undersigned finds this inquiry was unreasonable. (Dkt. No. 10 at 4). This is a violation of Rule 11(b)(3).

### C. Rule 11 Sanctions

Having determined that Salinas violated Rule 11(b)(2) and (3), the Court now addresses the matter of an appropriate sanction.

The Fifth Circuit has recognized that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party." *Thomas*, 836 F.2d at 876–77. "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* at 878.

> In considering what form of sanction to impose, the Court may consider:
>
> (1) whether the conduct was willful or negligent; (2) whether the activity was isolated or part of a pattern of activity; (3) whether the conduct affected only a single event within the case or the entire litigation; (4) any previous similar conduct by the attorney; (5) whether the conduct was intended to cause injury; (6) the effect of the conduct on the litigation in terms of time and expense; (7) whether the responsible party was trained in the law; and (8) what sanction, given the financial resources of the responsible person, is needed to deter similar activity by other litigants.

*Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1190 (E.D. Tex. 1996) (citing Advisory Committee Notes on Fed. R. Civ. P. 11 (1993 Amendments)). "Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007) (quoting *Thomas*, 836 F.2d at 878); Advisory Committee Notes on Fed. R. Civ. P. 11 (1993 Amendments) ("sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.").

For *sua sponte* show cause orders, as in this instance, "in such circumstances, the Court's sanctions are limited to nonmonetary directives or penalties paid to the Court." *Alarcon v. Aberration, Inc.*, No. 5:21-CV-128, 2021 WL 5987026 (S.D. Tex. Dec. 16, 2021) (Garcia Marmolejo, J.) (*citing to Marlin v. Moody Nat'l Bank, NA*, 533 F.3d 374, 379 (5th Cir. 2008)); Fed. R. Civ. P. 11(c)(4). Examples of appropriate monetary penalties payable to the court and nonmonetary sanctions for violating Rule 11(b) include:

> (1) a public reprimand contained within a Memorandum Opinion and Order, *see Jenkins v. Methodist Hosps. of Dallas, Inc.*, No. 3:02–CV–1823–M, 2004 WL 2871006 (N.D. Tex. Dec. 14, 2004), *aff'd*, 478 F.3d 255 (5th Cir. 2007); (2) ordering the violating attorney to complete 30 hours of continuing legal education and to submit letters of apology to the opposing party and counsel, *see Crank v. Crank*, No. CIV.A. 3:96-CV-1984D, 1998 WL 713273, at *1 (N.D. Tex. Oct. 8, 1998), *aff'd*, 194 F.3d 1309 (5th Cir. 1999); and (3) a public reprimand, completion of ten hours of continuing legal education in the area of ethics (in addition to the CLE requirements imposed by the Texas State Bar) within 1 year of the sanctions order, presenting the Court with proof of completion of such, a $2,500 fine payable to the Court, and referring the case to the Texas

State Bar Association's Disciplinary Committee for further investigation, *Bullard*, 925 F. Supp. at 1191.

*SyncPoint Imaging, LLC v. Nintendo of Am. Inc*, NO. 215CV00247JRGRSP, 2018 WL 6788033 (E.D. Tex. Dec. 26, 2018) (collecting cases). In his response to the show cause order, Salinas states:

> Plaintiff's counsel has been a member of the State Bar of Texas since 1995. He has never been the subject of any grievance or sanctioned by any court. He was admitted to practice in the Southern District of Texas in 2015. He has remained in good standing for that entire time and has never been the subject of a motion for sanctions until now. Counsel would like to once again express his deep regret for his role in this matter.

(Dkt. No. 13 at 5). Affording Salinas every benefit of the doubt, the Court finds this statement convincing. Still Salinas' errors were glaring, and the Court is mindful of the Fifth Circuit's decree that "district courts are on the front lines of litigation." *Jenkins v. Methodist Hosps. of Dallas, Inc.,* 478 F.3d 255, 266 (5th Cir. 2007).

For the foregoing reasons, the Court finds that the minimum sanction necessary to deter repetition by Salinas and others similarly situated is completion of three (3) hours of Texas Bar Association certified continuing legal education ("CLE") on a subject or subjects related to federal practice and/or federal civil procedure.

## IV. RECOMMENDATION

The Undersigned **RECOMMENDS** the District Court find Salinas' legal arguments and factual contentions set forth in Plaintiffs' filings merit sanctions under Federal Rule of Civil Procedure 11(b)(2) and (3).

The Undersigned further **RECOMMENDS** the District Court find the following sanction appropriate in this case:

Marco A. Salinas shall complete three (3) hours of Texas Bar Association certified continuing legal education ("CLE") on a subject or subjects related to federal practice and/or federal civil procedure. Salinas shall have six (6) months, or until Friday, June 28, 2024, to complete these hours and shall present the Court with proof of completion on or before that same date.

## NOTICE TO PARTIES

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v.*

*United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** December 28, 2023.

                                                                     Christopher dos Santos
                                                                     United States Magistrate Judge