United States District Court
Southern District of Texas

**ENTERED**

February 10, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAMANTHA MARIE ESPARZA *et al.* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-98 |
| | § | |
| ANCELMO CASTILLO CONTRERAS *et* | § | |
| *al.* | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court for proposed approval is the settlement of the claims of J.P. and S.P. minor Plaintiffs. (Dkt. No. 34). The Court appointed attorney Adrian Chapa, III, as guardian ad litem for minor Plaintiffs. (Dkt. No. 37). A hearing was held on the proposed settlement on January 28, 2025. (Min. Entry Jan. 28, 2025). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to the minor Plaintiffs J.P. and S.P.

## I.    BACKGROUND

On July 25, 2023, Plaintiff Samantha Marie Esparza ("Plaintiff Esparza") filed this suit individually and as next friend Minor Plaintiffs J.P. and S.P., in the 111th Judicial District Court in Webb County, Texas. (Dkt. No. 1 at 1–2). In the original petition, Plaintiffs alleged that their vehicle was struck by Defendant Ancelmo Castillo Contreras' tractor truck which he was operating during the course and scope of his employment with Defendant Also Express SA DE CV. (Dkt No. 1-3 at 3). On November 18, 2024, the parties filed a joint advisory notifying the Court that the parties resolved the case via mediation. (Dkt. No. 34).

## II.    LEGAL STANDARD

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). When determining whether a proposed settlement should be approved, courts should evaluate whether the "proposed settlement is . . . 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III.    DISCUSSION

At the January 28, 2025, hearing, the parties presented a Proposed Settlement Agreement and Release. (Dkt. No. 43-1). The agreement was entered into evidence as Exhibit No. 1, without objection. (Dkt. No. 43; hrg. at 1:32:45–1:33:05). Disbursement breakdowns for minor Plaintiffs J.P. and S.P. were also admitted into evidence as Exhibits No. 2 and 3, without objection. (Dkt. Nos. 43-2, 43-3; hrg. at 1:34:20–1:34:55). Under the terms of the agreement, minor Plaintiffs would receive $1500 each to be deposited into the Registry of the Court until the minors reach the age of 18. (Dkt. No. 43-1 at 3). Counsel for minor Plaintiffs would receive as compensation for their services a contingent fee of 33.33%, or $495.00 per minor Plaintiff. (Dkt. Nos. 43-2 at 1; 43-3 at 1). An additional $71.08 and $29.02 would be deducted from Minor J.P. and S.P.'s settlement awards respectively to cover costs associated with obtaining medical documents associated with the underlying settlement hearing. (*Ibid*; hrg. at 1:34:56–

1:35:30). Accordingly, after fees and costs, minor Plaintiffs J.P. and S.P. would receive $933.92 and $975.98, respectively, to be placed in the Registry of the Court. (Dkt. Nos. 43-1, 43-2, 43-3).

The guardian ad litem explained that both minor Plaintiffs were in good health. (Hrg, at 1:38:30–1:39:17). He further explained that he believed that the proposed settlement terms are fair and reasonable. (Hrg. at 1:38:20–1:39:33). He explained that he believed that the settlement was in the minor Plaintiffs' best interest. (Hrg. at 1:39:35–1:39:40). Plaintiff Esparza testified under oath that she is the biological parent and legal guardian of minor Plaintiffs J.P. and S.P. (Hrg. at 1:41:00–1:41:17). Plaintiff Esparza further testified that she seeks approval of the settlement on behalf of minor Plaintiff. (Hrg. at 1:41:18–1:41:47). She testified that she understood that the settlement funds being distributed to minor Plaintiffs are for the benefit of minor Plaintiffs and will only be released upon order of the Court. (Hrg. at 1:41:48–1:41:55). She testified that she understood that she has a right to a jury trial and agrees that settlement is in the best interest of the minor Plaintiffs. (Hrg. at 1:41:56–1:42:07). She testified that she is satisfied with her attorney's representation on the matter. (Hrg. at 1:46:17–1:46:25).

After independent review of the settlement agreement, (Dkt. No. 43-1), the guardian ad litem's Report, (Dkt. No. 41), Plaintiff's Report Requesting Approval of Minor Plaintiffs' Settlement, (Dkt. No. 42), and the representations made at the hearing, the Undersigned **FINDS** that the proposed settlement agreement is fair, reasonable, and is in the minor Plaintiffs' best interests. The Undersigned further

3

**FINDS** that the guardian ad litem's report is accurate. Additionally, the Undersigned **FINDS** that placing the minor Plaintiff's Settlement into the Registry of the Court is in the best interest of minor Plaintiffs. Finally, the Undersigned **FINDS** that the amount of $2,000.00 is reasonable and necessary to compensate Mr. Chapa for his services as guardian ad litem for minor Plaintiffs.

For the foregoing reasons, the Undersigned **RECOMMENDS** the District Court **APPROVE** the proposed settlement agreement as it pertains to minor Plaintiffs J.P. and S.P. The Undersigned further **RECOMMENDS** that the District Court **DISCHARGE** Mr. Chapa from his duties as guardian ad litem. Additionally, the Undersigned **RECOMMENDS** that the District Court **ORDER** that Mr. Chapa be paid a fee in the amount of $2,000.00 as reasonable and necessary fees and expenses incurred by him, to be assessed as taxable costs of court against Defendant.[1]

## IV.    PARTIES' WAIVER OF OBJECTIONS AND REQUEST TO ADOPT THIS REPORT

At the close of the hearing, Plaintiff Esparza, the Minor Plaintiffs, and Defendants, through their counsel and guardian ad litem, waived their right to object to this Report and Recommendation and requested that the District Court accept the findings and recommendations in this report. (Hrg. at 1:50:50–1:50:57). Therefore, the District Court may act on this Report immediately.

(signature on next page)

---

[1] Defenses counsel stated that Defendants agreed that $2000.00 was reasonable. (Hrg. at 1:47:33–1:47:33

**SIGNED** this 10th day of February, 2025.

Christopher dos Santos
United States Magistrate Judge