United States District Court
Southern District of Texas
**ENTERED**
February 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAMANTHA MARIE ESPARZA, INDIVIDUALLY AND AS NEXT FRIEND OF J.P. AND S.P., MINOR CHILDREN | § § § § § | |
| VS. | § § | CIVIL ACTION NO. 5:23-cv-98 |
| ANCELMO CASTILLO CONTRERAS *et al.* | § § | |

# ORDER

Plaintiff, acting as next friend of minor Plaintiffs J.P. and S.P., has reached a settlement agreement for the minors (Dkt. No. 43-1). As guardian *ad litem*, Adrian Chapa, III, advised the Court that the settlement agreement is in the minors' best interests (Dkt. No. 41 at 4–5). United States Magistrate Judge Christopher dos Santos then held a settlement hearing and issued a Report and Recommendation (Min. Ent. Jan. 28, 2025; Dkt. No. 45). The Report recommends that the Court:

1. Approve J.P. and S.P.'s proposed settlement agreement;
2. Discharge Mr. Chapa from his guardian *ad litem* duties; and
3. Order that Mr. Chapa be paid a $2,000 fee, to be assessed as taxable costs of court against Defendants.

(Dkt. No. 45 at 4). The parties waived their right to object to the Report (Min. Ent. Jan. 28, 2025; Dkt. No. 45 at 4). Thus, the Court may act on the Report immediately and reviews the proposed findings and recommendations for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *CGI Logistics, LLC v. Fast Logistik*, No. 5:23-CV-43, 2023 WL 8313341, at *2 (S.D. Tex. Dec. 1, 2023) (Garcia Marmolejo, J.) (citation omitted).

Having reviewed the proposed settlement agreement, the guardian *ad litem*'s recommendation, and the Report, the Court **ADOPTS** the Report's recommendations (Dkt. No. 45). The Court **APPROVES** the proposed settlement agreement (Dkt. No. 43-1). Mr. Chapa is **DISCHARGED** from his duties as guardian *ad litem*. Defendants are **ORDERED** to pay $2,000.00 to compensate Mr. Chapa for his services.

The parties are **ORDERED** to submit closing papers (that is, a Rule 41(a)(1)(A)(ii) stipulation of dismissal) <u>**no later than March 14, 2025**</u>. The closing papers must be "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). If the parties cannot finalize their settlement agreement by this deadline, they must submit a motion for extension. The Undersigned notes that any such motion must be filed at least three business days prior to the controlling deadline. *See* J. Garcia Marmolejo Civ. Ct. P. 4(A); *see also* Fed. R. Civ. P. 6(b).

Upon receiving J.P.'s and S.P.'s settlement funds, the Clerk of Court is **DIRECTED** to deposit the funds into an interest-bearing account consistent with the District's General Order No. 2016-14. *See* S.D. Tex. Gen. Order 2016-14 (Dec. 5, 2016). J.P. and S.P. may each withdraw their respective funds once they: (1) reach eighteen years of age, (2) file the appropriate motion with the Court, and (3) receive the appropriate Court order.

It is so **ORDERED**.

**SIGNED** February 11, 2025.

Marina Garcia Marmolejo
United States District Judge